Filed 12/5/23  Melchor v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| RUDY MELCHOR, | |
| Petitioner, | E082337 |
| v. | (Super.Ct.No. RIF2202159) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of prohibition.  David A. Gunn, Judge.  Petition granted.

Steven L. Harmon, Public Defender, William A. Meronek, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

1

Michael A. Hestrin, District Attorney, and Laura J. Watts, Deputy District

Attorney, for Real Party in Interest.

## INTRODUCTION

Petitioner and defendant Rudy Melchor seeks a writ of prohibition compelling the

superior court to grant his motion to dismiss the following allegations and special

circumstances:  (1) Penal Code section[1] 186.22, subdivision (b)(1)(A) enhancements

attached to counts 1, 2, and 3; (2) section 190.2, subdivision (a)(22) special

circumstances alleged in counts 1 and 2; and, (3) the section 12022.53, subdivisions (d)

and (e) enhancements in counts 1, 2, and 3.  After reviewing Melchor's writ petition, this

court invited respondent and real party in interest to file a response.  The People filed a

response conceding Melchor is entitled to relief.  We therefore grant the petition and

issue a peremptory writ in the first instance directing the superior court to vacate its order

denying Melchor's motion to dismiss the aforementioned allegations and special

circumstances and enter a new and different order consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In May 2022, six Rancho San Pedro gang members broke into and attempted to

rob the owners of an illegal casino.  During the robbery, a security guard for the casino

and one of the gang members began exchanging gun fire, which resulted in both of their

deaths.  During the shootout, three other gang members also fired their weapons, causing

---

[1]  All further statutory citations are to the Penal Code unless otherwise noted.

a bystander to be shot, but not killed.  The five surviving gang members were arrested and charged in a criminal complaint.

Melchor, one of the gang members, was charged with murder (counts 1 & 2; § 187, subd. (a)), attempted murder (count 3; §§ 664, 187, subd. (a)), robbery special circumstance allegations for counts 1 and 2 (§ 190.2, subd. (a)(17)(A)), firearm allegations for counts 1, 2, and 3 (§ 12022.53, subds. (d), (e)), gang special circumstance allegations for counts 1 and 2 (§ 190.2, subd. (a)(22)), gang enhancements for counts 1, 2, and 3 (§ 186.22, subd. (b)(1)(A)), a multiple murders special circumstance allegation for count 2 (§ 190.2, subd. (a)(3)), and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12).

A single preliminary hearing was held for all five defendants during which a gang expert testified as to two predicate offenses to support the gang enhancement and special circumstance allegations, including, in relevant part, a 2021 conviction for prohibited possession of a firearm.  In the 2021 predicate, two Rancho San Pedro gang members were in a vehicle together within the territory the gang claims as their own.  An officer attempted to conduct a traffic stop.  One of the gang members fled from the vehicle, and law enforcement located a firearm outside the vehicle.  One of the gang members was convicted of gang conspiracy (§ 182.5) and the other of felon in possession of a firearm (§ 29800, subd. (a)).  The firearm was not brandished or shown to anybody during the incident and was not used to intimidate anyone at the scene.  When asked about the possible benefit to the gang from this incident, the expert opined that gang members

3

possess firearms within their territory to protect themselves from rival gang members and to intimidate community members who are more reluctant to report crimes if they know gang members carry firearms for fear of retaliation.

Following testimony and argument, the trial court bound all five defendants over, including Melchor. After Melchor was arraigned on the information, he filed a motion to set aside the information under section 995 as to the gang-related charges and enhancements, arguing the People failed to prove two predicate offenses as required pursuant to recently enacted Assembly Bill No. 333. After hearing argument on the issue, the trial court denied Melchor's 995 motion.

## STANDARD OF REVIEW

Under section 995, a defendant may move to dismiss an information on the ground that the defendant "had been committed without reasonable or probable cause." (§ 995, subd. (a)(2)(B).) In reviewing a superior court's ruling on a motion to dismiss pursuant to section 995, the reviewing court directly reviews the magistrate's ruling at the preliminary hearing. (*People v. Superior Court* (*Mendez*) (2022) 86 Cal.App.5th 268, 277.)

## DISCUSSION

Effective January 1, 2022, Assembly Bill No. 333 (Stats. 2021, ch. 699, § 4) (2021-2022 Reg. Sess.) amended section 186.22 to heighten the requirements for proving gang allegations. In addition to other changes, the amended law now requires the prosecution to support the allegations with two prior predicate offenses, and to show that

4

those predicate offenses benefitted the gang in a manner that is " 'more than reputational.' " (*People v. Sek* (2022) 74 Cal.App.5th 657, 667); § 186.22, subds. (e)(1) & (g).) "Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (§ 186.22, subd. (g).)

Here, Melchor argues the 2021 predicate for gun possession does not meet the requirements of section 186.22, subdivisions (e) and (g). The gang expert testified that gun possession would benefit a gang by providing protection from rival gang members and increasing intimidation in the community. However, there is no evidence to suggest that the gun in the 2021 predicate was used to commonly protect the gang rather than for personal protection, and any reputational benefit derived from gun possession does not meet the amended requirements of section 186.22, subdivisions (e) and (g). (*People v. Renteria* (2022) 13 Cal.5th 951, 968.) The People concede this position. As such, it is appropriate to grant the relief requested. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

DISPOSITION

Let a peremptory writ of prohibition issue, directing the respondent superior court to vacate its September 28, 2023, order denying Melchor's motion to dismiss and enter a new and different order consistent with this opinion. When this decision becomes final, the stay of proceedings in the trial court shall be lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

RAPHAEL _____
J.

6